UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BABIKIAN,<br><br>Defendant. | Civil Action No. |

**PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE 65(B) AND LOCAL RULE 6.1(d) CERTIFICATION AND DECLARATION IN SUPPORT OF *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**

I, Matthew P. Cohen, do hereby declare under the penalty of perjury, in accordance with 28 U.S.C § 1746, that the following is true and correct:

1. I am a Trial Attorney employed by the United States Securities and Exchange Commission ("Commission"), located at 100 F Street, N.E., Washington, DC 20549. I am licensed to practice law in the District of Columbia. I am not admitted to the bar in the Southern District of New York, but I intend to seek *pro hac vice* admission in connection with the above-captioned matter.

2. This declaration is based upon specific facts contained in the Commission's Complaint and the accompanying brief, declaration and exhibits filed contemporaneously therewith. These submissions demonstrate that the Commission has made a *prima facie* showing that the defendant violated the anti-fraud provisions of the federal securities laws, Section 17(a)

1

of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j], and is likely to continue to do so absent the emergency relief sought.

3. The Commission has compelling evidence, as set forth in the supporting documents filed contemporaneously herewith, that the Defendant engaged in a type of securities fraud known as "scalping." A Defendant unlawfully "scalps" securities by recommending or touting a security to others, without disclosing that he intends to sell his shares of the very security that he is recommending that others purchase.

4. The Defendant obtained substantial proceeds by virtue of the unlawful activity alleged by the Commission. In addition, based upon the fraudulent nature of defendant's conduct and his demonstrated proclivity in using numerous email accounts, alter-ego front companies, internet domain name registration systems, and mass email distribution services, the Commission believes that Defendant is likely to continue to engage in "scalping"-type fraudulent conduct and thus likely will continue to violate the securities laws if emergency relief is not granted.

5. The Commission further maintains that *ex parte* relief is appropriate in this case. First, if Defendant is given advance notice that the Commission is seeking emergency relief, there is a real risk that he would dissipate or secret proceeds from the unlawful sale of securities and/or destroy documents or evidence. In this case, the Commission has uncovered evidence that Defendant uses a number of alter-ego front companies to conduct business and title assets, and that Defendant is currently attempting to cause approximately $2.5 million to be wired from the United States to a foreign bank account. The need for *ex parte* relief is particularly acute to preclude the wire transfer from taking place pending a hearing on the Commission's motion.

6. Second, proceeding on an *ex parte* basis is warranted to greatly increase the likelihood of freezing certain of the defendant's other assets, thereby preserving the status quo. The Commission is aware of specific real property in California that the Defendant owns through an alter-ego front company. This property presently is listed for sale on a mainstream internet website at a price of $2,595,000, with a sale of the property "pending". Based upon the Defendant's conduct as set forth in the supporting documents filed contemporaneously herewith, there is a real and present risk that, if the sale of this real property is consummated, Defendant will divert the proceeds to an offshore account and/or a front company, which will significantly frustrate the Commission's efforts to recover disgorgement, prejudgment interest, and a civil penalty for the fraudulent scheme that is the basis for this action.

7. Accordingly, for the reasons set forth above and in the Commission's supporting documents filed contemporaneously herewith, immediate and irreparable injury will result to the Commission and to investors unless this matter is heard *ex parte*. For these reasons, the undersigned counsel has not attempted to give advance notice to defendant, which advance notice should be excused in light of the circumstances present.

8. No prior application for similar relief has been made by the Commission with respect to the Defendant.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March 12, 2014

/s/ Matthew P. Cohen
Matthew P. Cohen (pro hac pending)
U.S. Securities & Exchange Commission
100 F Street, NE
Washington, DC 20549
Telephone: (202) 551-7276
cohenma@sec.gov

3