GAIMS WEIL WEST LLP
BARRY G. WEST (SBN 55365)
1875 Century Park East, Suite 1200
Los Angeles, California 90067
Telephone: (310) 407-4528
Facsimile: (310) 277-2133

*Attorneys for Plaintiff Alima Beg*

**FILED**
Los Angeles Superior Court

SEP 19 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

BC521715

| | |
|---|---|
| ALIMA BEG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BABIKIAN, an individual, MIDDLEBAY TRADE LTD., A Republic of Seychelles entity, ORIWA VILLAS LTD., a Guatemala entity and Does 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR RESCISSION AND DAMAGES BASED ON FRAUD, DETERMINATION OF ALTER EGO AND DECLARATORY RELIEF** |

COMPLAINT

ORIGINAL

[Reversed stamp bleed-through: Los Angeles Superior Court, SEP 14 2012, John A. Clarke, Executive Officer/Clerk, by Shaunya Wesley, Deputy]

[Reversed stamp: ORIGINAL]

Plaintiff Alima Beg ("Beg") for her complaint against defendants alleges:

## THE PARTIES AND THE FACTS

1. On July 31, 2010, Beg and defendant John Babikian ("Babikian") were married in Quebec, Canada where they then resided.

2. In September 2013, Beg filed a proceeding in Quebec, Canada to dissolve the Beg/Babikian marriage.

## SUMMARY OF CLAIM

3. As described in detail below, Babikian has engaged in actual fraud in the County of Los Angeles in a scheme to deprive Beg of her ownership interests in the properties located at 642 North Laurel Avenue, Los Angeles, California ("North Laurel") and 1401 Londonderry Place, Los Angeles, California ("Londonderry Place").

4. Babikian made the material misrepresentations and engaged in the misconduct described below in an effort to deprive Beg of her interests in North Laurel and Londonderry Place. As part of that scheme Babikian has transferred title to the properties to the other defendants, offshore entities which he owns and/or controls, with the intention of depriving Beg of her ownership rights and selling or otherwise transferring or encumbering the properties and secreting the proceeds from Beg.

## NORTH LAUREL

5. In December 2010, Beg and Babikian purchased North Laurel to use as their home while visiting California.

6. Beginning in December 2010, Beg and Babikian resided in North Laurel approximately three months each year.

7. At the time of the purchase of North Laurel, Babikian represented to Beg that Babikian and Beg were purchasing North Laurel together as husband and wife, but that to protect Beg from potential problems arising from the nature of Babikian's business activities, title to North Laurel should be taken in Babikian's name alone.

8. Babikian's representations regarding North Laurel were false and known by Babikian to be false at the time he made them. Beg is informed and believes and on

1
COMPLAINT

1  that basis alleges that Babikian made the false representations to Beg with the intention
2  of depriving Beg of her ownership interest in North Laurel.
3      9.   Babikian then presented Beg with a Quitclaim Deed, a true and correct
4  copy of which is attached as Exhibit A.
5      10.  Beg was unaware Babikian's representations were false and Beg relied to
6  her detriment on Babikian's false representations.
7      11.  Beg had no experience with real estate transactions or with Quitclaim
8  Deeds. In reasonable reliance on Babikian's representation to Beg that North Laurel was
9  being purchased for both of them, but that to protect Beg it was in Beg's best interest for
10  title to be taken in Babikian's name alone, Beg executed the Quitclaim Deed.
11     12.  Thereafter, without Beg's knowledge or consent, Babikian secretly
12  transferred title to North Laurel into the name of defendant Middlebay Trade Ltd., a
13  Republic of Seychelles entity ("Middlebay"), which Beg is informed and believes and on
14  that basis alleges that Babikian owns and/or controls.
15     13.  Beg is informed and believes and on that basis alleges that Babikian
16  through Middlebay, is attempting to sell North Laurel for approximately three million
17  dollars ($3,000,000) without the consent of Beg and with the intention of keeping the
18  proceeds from that sale and secreting them from Beg.

### LONDONDERRY PLACE

20     14.  In or about March 2012, Beg and Babikian purchased 1401 Londonderry
21  Place.
22     15.  Beg and Babikian purchased Londonderry Place with the intention of
23  building a new home where they would reside during their visits to California.
24     16.  At the time of the acquisition of Londonderry Place and throughout the
25  construction project Babikian repeatedly represented to Beg that Londonderry Place
26  was being and had been purchased in the names of and was to be constructed as the
27  joint California home of Beg and Babikian.

2
COMPLAINT

17. Beg reasonably believed Babikian, reasonably relied on his promise that Londonderry Place belonged to the two of them and reasonably believed that title to Londonderry Place had been taken in their joint names.

18. Beg was actively involved in all aspects of the planning for, design and selection of materials for Londonderry Place. Construction on Londonderry Place began in the spring of 2012 and Beg is informed and believes and on that basis alleges is still underway.

19. Babikian's representations regarding Londonderry Place were false and known by Babikian to be false. In mid-2013, Beg discovered that Babikian had taken title to Londonderry in the name of Oriwa Villas Ltd. ("Oriwa"). Beg learned in September 2013 that Oriwa is an entity organized under the laws of Guatemala. Beg is informed and believes and on that basis alleges that Oriwa is owned and/or controlled by Babikian.

20. Beg is informed and believes, and thereupon alleges, that at all times herein mentioned, defendants were agents of each other, and in doing the things hereinafter mentioned, each was acting within the scope of his/its authority as an agent, with permission and consent of some or all of the other defendants.

21. Beg is presently unaware of the true names and capacities of defendants sued as Does 1-100, inclusive, and therefore sues those defendants by such fictitious names and capacities. Beg will amend this complaint upon determining the true names and capacities of those defendants.

## FIRST CAUSE OF ACTION
### (Rescission Based on Fraud - North Laurel)

22. Beg repeats and realleges each and every allegation in paragraphs 1 through 21.

23. As a result of defendants' fraud alleged above, Beg is entitled to judgment rescinding the Quitclaim Deed, rescinding the transfer of North Laurel to Middlebay,

1  enjoining defendants from transferring or encumbering North Laurel and for
2  compensatory damages according to proof.
3      24.    Beg is informed and believes and thereupon alleges, that in doing the
4  things herein alleged, defendants acted intentionally, maliciously and fraudulently so
5  that Beg is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Rescission Based on Fraud - Londonderry)

6
7
8      25.    Beg repeats and realleges each and every allegation in paragraphs 1
9  through 24.
10      26.    As a result of defendants' fraud alleged above, Beg is entitled to judgment
11  rescinding the transfer of Londonderry Place to Oriwa, enjoining defendants from
12  transferring or encumbering Londonderry Place and for compensatory damages
13  according to proof.
14      27.    Beg is informed and believes and thereupon alleges, that in doing the
15  things herein alleged, defendants acted intentionally, maliciously and fraudulently so
16  that Beg is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Declaratory Relief)

17
18      28.    Beg repeats and realleges each and every allegation in paragraphs 1
19  through 27.
20      29.    An actual controversy has arisen and exists relating to the rights and
21  duties of the parties in that Beg alleges she owns an undivided interest in North Laurel
22  and Londonderry Place while defendants presumably deny that Beg owns an
23  undivided interest in each.
24      30.    A judicial declaration is necessary and appropriate at this time so that
25  plaintiff may ascertain her rights and duties.
26
27
28

## FOURTH CAUSE OF ACTION
(Alter Ego)

31. Beg repeats and realleges each and every allegation in paragraphs 1 through 30.

32. Beg is informed and believes, and on that basis alleges, that Babikian controlled, dominated and influenced Middlebay and Oriwa through which Babikian sought to promote, enhance and further his personal interests rather than (and to the exclusion of) the interests of Beg.

33. Beg is informed and believes, and on that basis alleges, that Babikian is the controlling owner and officer of Middlebay and Oriwa.

34. Beg is informed and believes, and on that basis alleges, that with respect to the preceding allegations, Babikian has completely dominated and controlled Middlebay and Oriwa and ignored their separate identities, to the extent that Middlebay and Oriwa were mere devices to further Babikian's personal and business interests.

35. Beg is informed and believes, and on that basis alleges, that Middlebay and Oriwa failed to maintain their separate existence and corporate or company form, and failed to honor legal formalities.

36. Beg is informed and believes, and on that basis alleges, that Babikian is the alter ego of Middlebay and Oriwa and their corporate or company forms should be disregarded to achieve an equitable result.

37. Beg is informed and believes, and on that basis alleges, that Babikian's domination of Middlebay and Oriwa was used to commit the frauds and wrongs against Beg alleged above, which caused wrongful and inequitable consequences and injury to Beg.

38. This Court should intervene and disregard the corporate or company forms of Middlebay and Oriwa to prevent a wrong or injustice against Beg.

39. Accordingly, Beg is entitled to an order declaring that Babikian, Middlebay and Oriwa should be held jointly and severally liable to Beg for the claims set forth in this complaint.

WHEREFORE plaintiff requests judgment against defendants as follows:

1. Rescinding the Quitclaim deed from Beg to Babikian with respect to 642 North Laurel Avenue, Los Angeles, California.

2. Rescinding any transfer by Babikian or any of his entities of title to 642 North Laurel Avenue, Los Angeles, California.

3. Rescinding any transfer by Babikian or any of his entities of title to 1401 Londonderry Place, Los Angeles, California.

4. Determining that Beg is an owner of an undivided interest in 642 North Laurel Avenue, Los Angeles, California.

5. Determining that Beg is an owner of an undivided interest in 1401 Londonderry Place, Los Angeles, California.

6. Enjoining defendants from selling, transferring or encumbering 642 North Laurel Avenue, Los Angeles, California or 1401 Londonderry Place, Los Angeles, California without the prior express written approval of Beg.

7. For compensatory damages according to proof at trial.

8. For punitive damages in an amount to be determined at trial.

9. For a judicial determination that defendants are each the alter ego of the other.

10. For interest, costs and attorneys fees as permitted by law.

11. For such other and further relief as the Court deems appropriate.

Dated: September 19, 2013

GAIMS WEIL WEST LLP
BARRY G. WEST

By: _____
Barry G. West
*Attorneys for Plaintiff Alima Beg*

---

7
**COMPLAINT**

09/19/2013

EXHIBIT A

TREEHUGGER™
30% PCW RECYCLED TAB
A Professional Indexes & Files Product
800-422-9191
www.proindexes.com

EXHIBIT A

ORTC

RECORDING REQUESTED BY:

AND WHEN RECORDED, MAIL TO:
JOHN BABIKIAN
642 N. LAUREL AVENUE
LOS ANGELES, CA 90048
MAIL TAX STATEMENTS TO:



12/08/2010

*20101812283*

SAME AS ABOVE

5476015786

SPACE ABOVE FOR RECORDER'S USE

## QUITCLAIM DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THIS CONVEYANCE ESTABLISHES SOLE AND SEPARATE PROPERTY OF A SPOUSE, R & T 11911.
DOCUMENTARY TRANSFER TAX IS $ -0-*
( ) COMPUTED ON FULL VALUE OF PROPERTY CONVEYED, OR
( ) COMPUTED ON FULL VALUE, LESS VALUE OF LIENS AND
ENCUMBRANCES REMAINING AT TIME OF SALE.
( ) UNINCORPORATED AREA: ( X ) CITY OF LOS ANGELES AND, FOR A VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED,

ALIMA BEG, A MARRIED WOMAN AND SPOUSE OF THE GRANTEE HEREIN

HEREBY REMISES, RELEASES AND QUITCLAIMS TO:

JOHN BABIKIAN, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA:

LOT 140 OF TRACT NO. 5244, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 54, PAGE 42 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5627-015-023

*THIS CONVEYANCE ESTABLISHES THE SOLE AND SEPARATE PROPERTY OF A SPOUSE, R & T 11911. THIS DEED IS GIVEN TO CARRY OUT THE MUTUAL DESIRE AND AGREEMENT OF THE PARTIES HERETO, THAT SAID PROPERTY SHALL BECOME VESTED IN THE GRANTEE HEREIN AS (HIS/HER) SOLE AND SEPARATE PROPERTY.

09/19/2013

QUITCLAIM DEED (CONTINUED)

IN WITNESS WHEREOF, THE GRANTOR HAS CAUSED THIS GRANT DEED TO BE EXECUTED AS OF THE _6th_ DAY OF _Dec_, 2010.

SIGNATURE OF GRANTOR

_[signature]_

ALIMA BEG

********************************

NOTARY ACKNOWLEDGMENT:

STATE OF CALIFORNIA }
}
COUNTY OF LOS ANGELES }

ON _12-6-10_ BEFORE ME, _IRIS Y. CHAE_, A NOTARY PUBLIC PERSONALLY APPEARED ALIMA BEG, WHO PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO BE THE PERSON (S) WHOSE NAME(S) IS/ARE SUBSCRIBED TO THE WITHIN INSTRUMENT AND ACKNOWLEDGED TO ME THAT HE/SHE/THEY EXECUTED THE SAME IN HIS/HER/THEIR AUTHORIZED CAPACITY(IES) AND THAT BY HIS/HER/THEIR SIGNATURE(S) ON THE INSTRUMENT THE PERSON(S), OR THE ENTITY UPON BEHALF OF WHICH THE PERSON(S) ACTED, EXECUTED THE WITHIN INSTRUMENT.

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING PARAGRAPH IS TRUE AND CORRECT.

WITNESS MY HAND AND OFFICIAL SEAL.

SIGNATURE: _[signature]_ (SEAL)
NOTARY PUBLIC

IRIS Y. CHAE
Commission # 1797323
Notary Public - California
Los Angeles County
My Comm. Expires May 4, 2012

**This page is part of your document - DO NOT DISCARD**



**20101812283**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/08/10 AT 08:00AM**

Pages:
0003

| | |
|---|---:|
| FEES: | 42.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 42.00 |



LEADSHEET



201012080970004

00003402971



003032332

SEQ:
02

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

R08

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| GAIMS WEST & EPSTEIN LLP<br>Barry G. West (SBN 55365)<br>1875 Century Park East, #1200<br>Los Angeles, California 90067<br>TELEPHONE NO.: (310) 407-4528   FAX NO.: (310) 277-2133<br>ATTORNEY FOR (Name): Plaintiff Alima Beg | FILED<br>Los Angeles Superior Court<br><br>SEP 19 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME:
ALIMA BEG V. JOHN BABIEJAK, an individual, MIDDLEBAY TRADE LTD., A Republic of Seychelles entity; CRIWA VILLAS LTD., Guatemala entity, and Does 1-100

CASE NUMBER: BC521715

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☑ Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint (not specified above) (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition (not specified above) (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☑ punitive
4. Number of causes of action (specify): Four (4)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 19, 2013

Barry G. West
(TYPE OR PRINT NAME)                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

ORIGINAL

| SHORT TITLE: ALIMA BEG V. JOHN BABIKIAN, ET AL. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL  5   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|



| SHORT TITLE: ALIMA BEG V. JOHN BABIKIAN, ET AL. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
|  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
|  | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
|  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
|  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
|  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
|  | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
|  | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
|  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
|  | ☐ A6032  Quiet Title | 2., 6. |
|  | ☑ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | (2., 6.) |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 2 of 4 |
|---|---|---|

| SHORT TITLE: ALIMA BEG V. JOHN BABIKIAN, ET AL. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)  **CIVIL CASE COVER SHEET ADDENDUM**  LASC, rule 2.0
LASC Approved 03-04  **AND STATEMENT OF LOCATION**  Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ALIMA BEG V. JOHN BABIKIAN, ET AL. | |

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☐1. ☑2. ☐3. ☐4. ☐5. ☑6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>642 North Laurel Avenue<br>1401 Londonderry Place |
|---|---|
| CITY: Los Angeles; Los Angeles | STATE: CA; CA | ZIP CODE: 90048; 90069 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the **Stanley Mosk** courthouse in the **Central** District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: **September 19, 2013**

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.