**United States District Court**
**Southern District of New York**

| | |
|---|---|
| **Securities and Exchange Commission,**<br><br>                              **Plaintiff,**<br><br>v.<br><br>**John Babikian,**<br><br>                              **Defendant** | 14 Civ. 1740 PAC |

**[PROPOSED] ORDER GRANTING DEFENDANT JOHN BABIKIAN'S MOTION FOR RECONSIDERATION**
<u>**OF PRELIMINARY INJUNCTION ORDER (DE 31)**</u>

**[PROPOSED] ORDER**

   On April 21, 2014, this Court entered a preliminary injunction against Defendant John Babikian that, among other things, ordered an unlimited pre-judgment asset freeze on all of Defendant's assets and imposed certain pre-judgment writs of garnishment and attachment.

   On April 29, 2014, Defendant John Babikian filed a motion for reconsideration with this Court. Having considered the supporting and opposing papers, the pleadings and papers on file with the Court, arguments of counsel, and for good cause appearing, the Court Rules as follows:

   John Babikain's motion for reconsideration of the preliminary injunction order (DE 31) is GRANTED.  This preliminary injunction order supersedes in its entirety the Court's April 21, 2014 preliminary injunction Order (DE 31).

**IT IS HEREBY ORDERED**:

(a)     The Court's equitable freeze on Defendant John's Babikian's pre-judgment assets is limited to $2,033,491, the amount the SEC has asked for in its equitable disgorgement claim, which amount includes the SEC's computation of pre-judgment interest. On or before April 14, 2014, the Cashier's Office received $2,545,289.55 in this Court's registry that Mr. Babikian stipulated to deposit. (DE 25)(Receipt No.: 465401092142). Mr. Babikian filed an officer's certificate and board resolution from Vertical International Relief Fund authorizing such funds to be applied to the SEC's disgorgement claim Thus, there is a surplus amount in the Court registry of $511,798.55. Accordingly, this Court's prior asset freeze is vacated in its entirety, except as to $2,033,491 currently in the Court registry. The Cashier's Office is directed to release $511,798.55 of such surplus funds held in the Court registry, as directed by the Defendant, John Babikian.

(b)     Given that sufficient assets to secure the entire equitable disgorgement claim plus interest have been frozen in the Court registry pending disposition, the need for further accounting and expedited discovery to ensure collection of the SEC's disgorgement claim is satisfied; no further accounting or expedited discovery from the Defendant is deemed necessary.

(c)     On March 13, 2014, the Court also issued a prejudgment writ, pursuant to 28 U.S.C. §§ 3104 & 3205, garnishing all of Babikian 's proceeds from the sale of a fractional share of NetJets in the name of Vertical International Relief Fund. Further, the Court issued a prejudgment writ pursuant to 28 U.S.C. § 3102 attaching certain properties, including  642 N. Laurel Ave. and 1401 Londonderry Place in Los Angeles, CA, and 4455 Emerson Loop Road, the Dalles, OR. As part of this Court's preliminary injunction order (DE 31), this Court erroneously concluded that such Writs were valid under the Court's equitable power. However, after further consideration of the controlling Supreme Court's decision in *Grupo Mexicano De Desarrollo, S.A., et al. v. Alliance Bond Fund, Inc., et al.,* 527 U.S. 308, 340-41 (1999) and other binding precedent, this Court has concluded that the writs exceeded the Court's equitable powers and were not

authorized under any statute. Accordingly, the writs of garnishment and attachment issued on March 13, 2014 are hereby vacated, dissolved, and voided immediately.

(d)     Defendant, John Babikian, is hereby preliminarily enjoined from violating the federal securities laws.

**IT IS SO ORDERED.**

DATED _____, 2014         By: _____
                                HONORABLE PAUL A CROTTY
                                United States District Court Judge

Respectfully submitted,

CORRIGAN & MORRIS, LLP

By: _____

Stanley C. Morris
*Attorneys for John Babikian*