United States District Court
Southern District of New York
--------------------------------------------------------x
Securities and Exchange Commission,

Plaintiff,

v.

John Babikian,

Defendant.

14 Civ. 1740 PAC

DEFENDANT, JOHN BABIKIAN'S OBJECTIONS TO AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION

--------------------------------------------------------x

Defendant, John Babikian ("Babikian") objects and responds to the Plaintiff's Second Set of Requests for Admissions and Interrogatories as follows:

## GENERAL OBJECTIONS

A. Defendant objects to Plaintiff's Discovery Requests to the extent they seek information that is neither relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.

B. Defendant, objects to Plaintiff's Discovery Requests to the extent they seek information constituting trial preparation materials, or which is subject to the attorney-client privilege, the work product protection, the deliberate process privilege, or any other privilege or protection.

C. In providing responses to the Discovery Requests, Defendant does not intend to waive, but rather intends to preserve and is preserving:

1. All objections as to competency, relevancy, materiality and admissibility of the Discovery Requests, the responses and their subject matter;

2. All objections as to the vagueness, ambiguity, or other infirmity in the form of the Discovery Requests and any objections based on the undue burden imposed by the Discovery Requests;

3. All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

4. All the rights to object on any ground to any further Discovery Requests or other discovery requests involving or related to the subject matter of the Discovery Requests;

5. The right to supplement responses to the Discovery Requests prior to trial; and all privileges and/or rights under common law. Defendant accordingly reserves the right to change any and all answers herein as additional information is ascertained, analysis made, legal research completed and contentions made.  All evidentiary objections shall be reserved to the time of trial and no waiver of any objection is to be implied from any response contained herein.

6. Defendant, does not intend to, and does not, waive any privileges in this or any other proceeding, including but not limited to the privilege against self incrimination guaranteed to him by the Fifth Amendment to the United States Constitution.

D. By setting forth such specific objections below Defendant does not intend to limit or restrict the General Objections set forth above. Defendant incorporates by this reference each of the above stated qualifications and general objections in each response to the Requests for Admission.

## I. REQUESTS FOR ADMISSION

**Request for Admission No. 1**

Admit that you are using each of the following email addresses:

crazypennystocks@gmail.com, johnjackinc@gmail.com, mapleboyone@gmail.com, and singaporepop@gmail.com

**Response to Request for Admission No. 1:**

In response to Request for Admission 1, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws

and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

**Request for Admission No. 2**

Admit that you received the March 13, 2014 email from the undersigned, attaching copies of the Complaint, the Court's Temporary Restraining Order, and related documents in this matter.

**Response to Request for Admission No. 2:**

In response to Request for Admission 2, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

## INTERROGATORIES

1. The responses set forth below are provided without prejudice to Deponent's right to object to the admission into evidence of any information produced pursuant to this First Set of Interrogatories.

2. Deponent reserves the right to object to further discovery concerning this First Set of Interrogatories now responded to upon any valid ground.

3. Deponent reserves the right to amend and/or supplement the responses set forth herein at any time up to and including the time of trial.

4. Deponent objects to this First Set of Interrogatories to the extent that it seeks information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Deponent objects to this First Set of Interrogatories to the extent it attempts to impose obligations on Deponent other than those imposed or authorized by the Federal Rules of Civil Procedure.

6. Deponent objects to this First Set of Interrogatories to the extent it seeks the

disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privileges or exemptions.

7.  By setting forth such specific objections below Defendant does not intend to limit or restrict the General Objections set forth above. Defendant incorporates by this reference each of the above stated qualifications and general objections in each response to the specific Interrogatory below.

**Interrogatory 1**.

Identify your present home and business addressees), telephone number(s), and facsimile number(s).

**Response to Interrogatory 1**.

In response to Interrogatory 1, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

Dated: April 22, 2014

Respectfully submitted,

CORRIGAN & MORRIS, LLP

By: _____
Stanley C. Morris (SM 5814)
Corrigan & Morris LLP
201 Santa Monica Blvd., Suite 475
Santa Monica, CA 90401
(310) 394-2828 Tel.
(310) 394-2825

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 23, 2014, I caused a true and correct copy of the foregoing John Babikian's OBJECTIONS TO AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES, DOCUMENT REQUESTS AND REQUESTS FOR ADMISSION to be served via email and U. S. Mail, postage paid, upon the following address:

Matthew P. Cohen
Assistant Chief Litigation Counsel
U.S. Securities & Exchange Commission
100 F Street, N.E. Mailstop 5985
Washington, D.C. 20549
cohenma@sec.gov

By: /s/ Stanley C. Morris
Stanley C. Morris