United States District Court
Southern District of New York
--------------------------------------------------------x
Securities and Exchange Commission,

Plaintiff,

v.

John Babikian,

Defendant.

14 Civ. 1740 PAC

DEFENDANT, JOHN BABIKIAN'S OBJECTIONS TO AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, DOCUMENT REQUESTS AND REQUESTS FOR ADMISSION

--------------------------------------------------------x

Defendant, John Babikian ("Babikian") objects and responds to the Plaintiff's First Set of Requests for Admissions, Interrogatories and Document Requests, as follows:

## GENERAL OBJECTIONS

A.  Defendant objects to Plaintiff's Discovery Requests to the extent they seek information that is neither relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.

B.  Defendant, objects to Plaintiff's Discovery Requests to the extent they seek information constituting trial preparation materials, or which is subject to the attorney-client privilege, the work product protection, the deliberate process privilege, or any other privilege or protection.

C.  In providing responses to the Discovery Requests, Defendant does not intend to waive, but rather intends to preserve and is preserving:

  1.  All objections as to competency, relevancy, materiality and admissibility of the Discovery Requests, the responses and their subject matter;

2. All objections as to the vagueness, ambiguity, or other infirmity in the form of the Discovery Requests and any objections based on the undue burden imposed by the Discovery Requests;

3. All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action;

4. All the rights to object on any ground to any further Discovery Requests or other discovery requests involving or related to the subject matter of the Discovery Requests;

5. The right to supplement responses to the Discovery Requests prior to trial; and all privileges and/or rights under common law. Defendant accordingly reserves the right to change any and all answers herein as additional information is ascertained, analysis made, legal research completed and contentions made. All evidentiary objections shall be reserved to the time of trial and no waiver of any objection is to be implied from any response contained herein.

6. Defendant, does not intend to, and does not, waive any privileges in this or any other proceeding, including but not limited to the privilege against self incrimination guaranteed to him by the Fifth Amendment to the United States Constitution.

D. By setting forth such specific objections below Defendant does not intend to limit or restrict the General Objections set forth above. Defendant incorporates by this reference each of the above stated qualifications and general objections in each response to the Requests for Admission.

I. **REQUESTS FOR ADMISSION**

**Request for Admission No. 1**

Admit that you registered the domain names for the website Awesomepennystocks.com ("APS") and Pennystocksuniverse.com ("PSU") in 2009.

**Response to Request for Admission No. 23:**

In response to Request for Admission 1, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which

assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

**Request for Admission No. 2**

Admit that, between 2009 and February 23, 2012, you renewed the registrations for the APS and PSU websites.

**Response to Request for Admission No. 2:**

In response to Request for Admission 2, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

**Request for Admission No. 3**

Admit that, as of the close of the trading day on February 22, 2012, you owned at least 1,466,667 shares of America West Resources Inc. (OTC: AWSR) ("America West").

**Response to Request for Admission No. 3**

In response to Request for Admission 3, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

**Request for Admission No. 4**

Admit that, as of the close of the trading day on February 22, 2012, at least 1,466,667 of your shares of America West were deposited with Brown Brothers Harriman in New York, NY, as a custodian for an account or accounts you held at Swiss bank Frankfurter Bankgesellschaft (Schweiz) AG.

**Response to Request for Admission No. 4**

In response to Request for Admission 4, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

**Request for Admission No. 5**

Admit that you caused a mass electronic mail to be sent from the APS website on February 23, 2012, that read, in part, "Today's pick is: AWSR."

**Response to Request for Admission No. 5**

In response to Request for Admission 5, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

**Request for Admission No. 6**

Admit that at no time on or before February 23, 2012, did you disclose to recipients of electronic mails from the APS website that you, in fact, held America West stock.

**Response to Request for Admission No. 6**

In response to Request for Admission 6, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

**Request for Admission No. 7**

Admit that at no time on or before February 23, 2012, did you disclose to

recipients of electronic mails from the APS website that you, in fact, intended to sell over one million of your shares of America West stock.

**Response to Request for Admission No. 7**

In response to Request for Admission 7, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time..

**Request for Admission No. 8**

Admit that you caused a mass electronic mail to be sent from the PSU website on February 23,2012, that read, in part, "Today's pick is: AWSR."

**Response to Request for Admission No. 8**

In response to Request for Admission 8, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

**Request for Admission No. 9**

Admit that at no time on or before February 23, 2012, did you disclose to recipients of electronic mails from the PSU website that you, in fact, held America West stock.

**Response to Request for Admission No. 9**

In response to Request for Admission 9, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

**Request for Admission No.10**

Admit that at no time on or before February 23, 2012, did you disclose to recipients of electronic mails from the PSU website that you, in fact, intended to sell over one million shares of America West stock.

**Response to Request for Admission No. 10**

In response to Request for Admission 10, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

**Request for Admission No. 11**

Admit that you caused at least 1,383,655 of your shares of America West to be sold on February 23, 2012.

**Response to Request for Admission No. 11**

In response to Request for Admission 11, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time. Except as expressly admitted, Babikian denies the request.

**Request for Admission No. 12**

Admit that Exhibit 8 to the Declaration of Andrew McFall in case no. 14-CV-1740 is an authentic copy of an email sent from APS on February 23, 2012.

**Response to Request for Admission No. 12**

In response to Request for Admission 12, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which

assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time. Except as expressly admitted, Babikian denies the request.

**Request for Admission No. 13**

Admit that Exhibit 56 to the Declaration of Andrew McFall in case no. 14- CV-1740 is an authentic copy of an email sent from PSU on February 23, 2012.

**Response to Request for Admission No. 13**

In response to Request for Admission 13, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion should be construed as a specific denial for purposes of Rule 36, Fed. R. Civ. P. and is subject to Mr. Babikian's right to amend at a later time.

## INTERROGATORIES

1.   The responses set forth below are provided without prejudice to Deponent's right to object to the admission into evidence of any information produced pursuant to this First Set of Interrogatories.

2.   Deponent reserves the right to object to further discovery concerning this First Set of Interrogatories now responded to upon any valid ground.

3.   Deponent reserves the right to amend and/or supplement the responses set forth herein at any time up to and including the time of trial.

4.   Deponent objects to this First Set of Interrogatories to the extent that it seeks information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5.   Deponent objects to this First Set of Interrogatories to the extent it attempts to impose obligations on Deponent other than those imposed or authorized by the Federal Rules of Civil Procedure.

6.      Deponent objects to this First Set of Interrogatories to the extent it seeks the disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privileges or exemptions.

7.      By setting forth such specific objections below Defendant does not intend to limit or restrict the General Objections set forth above. Defendant incorporates by this reference each of the above stated qualifications and general objections in each response to the specific Interrogatory below.

**Interrogatory 1.**

Identify all Accounts that you have had or used at any financial institution from January 1, 2009 to the present. Your response must include the financial institution's name, address and telephone number; the account number; the name(s) of the account; all agents, intermediaries, administrators, powers of attorney, or others having signatory or other authority over the account as well as the nature of such authority; and the contact information for the account representative (if any).

**Response to Interrogatory 1**.

In response to Interrogatory 1, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

**Interrogatory 2**.

Identify all persons and entities of which you aware that were in any way involved, directly or indirectly, with the preparation and dissemination of the emails that are attached as Exhibits 8 and 56 to the Declaration of Andrew McFall in case no. 14-CV-1740.

**Response to Interrogatory 2**.

In response to Interrogatory 2, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

**Interrogatory 3**.

Identify all documents relating to your email recommendation, on February 23,2012, that investors purchase America West stock.

**Response to Interrogatory 3**.

In response to Interrogatory 3, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

**Interrogatory 4**.

Identify documents sufficient to show the total number of shares of America West stock that you, directly or indirectly, sold or caused to be sold on February 23, 2012.

**Response to Interrogatory 4**.

In response to Interrogatory 4, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

**DOCUMENT REQUESTS**

5.      The responses set forth below are provided without prejudice to Deponent's right to object to the admission into evidence of any information produced pursuant to this First Set of Interrogatories.

6.      Deponent reserves the right to amend and/or supplement the responses set forth

herein at any time up to and including the time of trial.

7. Deponent objects to this First Set of Document Requests s to the extent that it seeks information neither relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Deponent objects to this First Set of Document Requests to the extent it attempts to impose obligations on Deponent other than those imposed or authorized by the Federal Rules of Civil Procedure.

6. Deponent objects to this First Set of Document Requests to the extent it seeks the disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privileges or exemptions.

8. By setting forth such specific objections below Defendant does not intend to limit or restrict the General Objections set forth above. Defendant incorporates by this reference each of the above stated qualifications and general objections in each response to the specific Document Request below.

**Document Request 1**

Produce all documents that relate to these interrogatories, and your responses.

**Response to Document Request 1**

In response to Document Request 1, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

**Document Request 2**

Produce all documents that relate to these requests for admission, and your responses.

**Response to Document Request 2**

In response to Document Request 2, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

**Document Request 3**

Produce all statements for all of your Accounts, from January 1, 2009 to the present.

**Response to Document Request 3**

In response to Document Request 3, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

**Document Request 4**

Produce all documents that relate to your acquisition, ownership, and sale of America West stock.

**Response to Document Request 4**

In response to Document Request 4, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

**Document Request 5**

Produce a copy of all passports you have had in the last four (4) years, including every page contained within those passports.

**Response to Document Request 5**

In response to Document Request 5, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and

applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

**Document Request 6**

Produce all documents you used, consulted or relied upon to prepare the accounting pursuant to the Court's order of March 13, 2014.

**Response to Document Request 6.**

In response to Document Request 6, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

**Document Request 7**

For any entities that you own or beneficially own, or over which you exert direct or indirect control, regardless of whether in the United States or a foreign country, produce documents to sufficient to show your ownership, beneficial ownership, interest, and/or control.

**Response to Document Request 7**

In response to Document Request 7, on advice of counsel, Mr. Babikian hereby asserts his right under the Fifth Amendment to the Constitution of the United States and applicable laws and statutes not to be compelled to be a witness against himself, which assertion is subject to Mr. Babikian's right to amend at a later time.

Dated: April 22, 2014

                        Respectfully submitted,

                        CORRIGAN & MORRIS, LLP

                        By: _____
                        Stanley C. Morris (SM 5814)
                        Corrigan & Morris LLP
                        201 Santa Monica Blvd., Suite 475
                        Santa Monica, CA 90401
                        (310) 394-2828

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 23, 2014, I caused a true and correct copy of the foregoing John Babikian's OBJECTIONS TO AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, DOCUMENT REQUESTS AND REQUESTS FOR ADMISSION to be served via email and U. S. Mail, postage paid, upon the following address:

Matthew P. Cohen
Assistant Chief Litigation Counsel
U.S. Securities & Exchange Commission
100 F Street, N.E. Mailstop 5985
Washington, D.C. 20549
cohenma@sec.gov


By: _____
Stanley C. Morris