**FILED**
Superior Court Of California
County Of Los Angeles

MAR 20 2014

Sherri R. Carter, Executive Officer/Clerk
By _Kristina Vargas_, Deputy
Kristina Vargas

1  H. Michael Soroy, Esq. (SBN 153944)
   Peter C. Ver Halen, Esq. (SBN 041609)
2  Kristin A. Ingulsrud, Esq. (SBN 294532)
   LAW OFFICES OF H. MICHAEL SOROY
3  11766 Wilshire Boulevard, Suite 270
   Los Angeles, California 90025-6537    A6028
4  Telephone:    (310) 444-7750          90069
   Facsimile:    (310) 312-1034
5
   Attorneys for Plaintiff
6  TRACERAIN CAPITAL, LLC

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **COUNTY OF LOS ANGELES**

10

11  TRACERAIN CAPITAL, LLC, a California    )  Case No.:   **BC539651**
12  limited liability company               )  D-52 Susan Bryant-Deason
                                            )  **COMPLAINT FOR:**
13              Plaintiff,                   )
                                            )  1. **BREACH OF CONTRACT**
14         v.                               )  2. **SPECIFIC PERFORMANCE**
                                            )  3. **DECLARATORY RELIEF**
15                                          )
    ORIWA VILLAS S.A., a Guatemala          )
16  corporation; and Does 1 through 20, inclusive  )
                                            )
17              Defendants.                 )
18  _____)

19

20         COME NOW plaintiff TRACERAIN CAPITAL, LLC, a California limited liability

21  company (hereafter "Plaintiff") to allege as causes of action as follows:

22                      **GENERAL ALLEGATIONS**

23         1.      Plaintiff TRACERAIN CAPITAL, LLC is a limited liability company

24  organized and existing under and by virtue of the laws of the state of California.

25         2.      Plaintiff is informed and believes and based thereon alleges that the Defendant

26  ORIWA VILLAS S.A., is corporation organized and existing under the laws of Guatemala that

27  is and has for some time conducted business and owned real property located in the County of

28  Los Angeles, state of California (hereafter "Defendant").

           3.      The real property which is the subject of this action is a single family residence

                                        1
                                   COMPLAINT

1  located at and known as 1401 Londonderry Place, Los Angeles, California 90069 (the

2  "Londonderry Property").  A legal description is attached hereto as Exhibit A and is by this

3  reference incorporated herein.

4      4.    Plaintiff is informed and believes and based on that information and belief

5  alleges that Defendant acquired title to the Londonderry Property from Londonderry LP, a

6  California Limited Partnership, by a deed that was recorded on August 8, 2012.

7      5.    On January 9, 2014, Plaintiff and Defendant entered into a Purchase and Sale

8  Agreement and Escrow Instructions, whereby Plaintiff agreed to buy and Defendant agreed to

9  sell the Londonderry Property (hereafter "Purchase Agreement") for a purchase price of

10  $8,400,000 (hereafter the "Purchase Price").  A copy of this agreement is attached hereto as

11  Exhibit B and is by this reference incorporated herein.

12      6.    The filing of this action enables the recording of a notice of pendency of action

13  to be filed against the Londonderry Property.

14      7.    Each of the named Defendants is presently, and was at all times mentioned

15  herein, the agent, servant, employee, partner, principal, stockholder, officer, director and/or

16  joint venturer of each of the remaining Defendants and is presently, and was at all times

17  mentioned herein, acting within the course and scope of such agency or employment or acting

18  on behalf of a corporation, partnership or in the furtherance of a joint venture.  Defendants and

19  each of them acted with the permission and consent of the other Defendants, and in concert

20  with each other.

21      8.    The true names and capacities, whether individual, corporate, association or

22  otherwise, of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to

23  Plaintiff, and Plaintiff therefore sue said Defendants by such fictitious names pursuant to

24  California's Code of Civil Procedure Section 474.  Plaintiff is informed and believes, and

25  based thereon allege, that each of the Defendants designated herein as a DOE is legally

26  responsible in some manner for the events and happenings referred to herein, and caused injury

27  and damages proximately thereby to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of

28  court to amend this Complaint to show the true names and capacities of the Defendants

29  designated herein as DOES when the same has been ascertained.  Whenever in this complaint

1  reference is made to "Defendants" or "Defendants and each of them", such allegations shall be

2  deemed to mean acts of Defendants individually, jointly and/or severally.

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANT FOR BREACH OF CONTRACT

9.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 8, inclusive, hereof as though set forth herein in their entirety.

10.     Plaintiff has performed all duties, promises, and obligations required of Plaintiff and all conditions precedent that Plaintiff agreed to perform in the Purchase Agreement, including, but not limited to, wiring a deposit of $840,000 to Defendant upon signing of the Purchase Agreement, wiring $6,665,250.87 to Defendant, and placing $1,215,724.01 into escrow opened by the parties at Granite Escrow.

11.     Under the terms of the Purchase Agreement, Defendant was obligated to transfer and convey title to the Londonderry Property to Plaintiff.

12.     Defendant has failed, and continues to fail, to execute and deliver to escrow an original and recordable deed conveying legal and beneficial ownership of the Londonderry Property to Plaintiff, making the filing of this action necessary.

13.     Because of Defendant's breach of the Purchase Agreement, Plaintiff has suffered general and consequential damages, including the loss of the $6,665,250.87 and $840,000 paid to Defendant by wire transfer, title and escrow expenses, and other expenses in the amount in accord with proof at trial.

14.     The Purchase Agreement entered into between Plaintiff and Defendant provides for an award of attorneys' fees to the prevailing party in the event of a dispute between them in the performance thereof.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANT FOR SPECIFIC PERFORMANCE

15.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 8 and 10 through 12, each inclusive, and 14 hereof as

1   though set forth herein in their entirety.

2      16.   Plaintiff has performed by wiring a deposit of $840,000 to defendant, wiring

3   $6,665,250.87 to Defendant, and placing $1,215,724.01 in escrow and is ready, willing, and

4   able to complete the transaction.

5      17.   Plaintiff has demanded that Defendant provide an original and recordable deed

6   conveying legal and beneficial ownership of the Londonderry Property to Plaintiff in

7   accordance with the terms in the Purchase agreement.

8      18.   Defendant has failed to provide escrow with an original recordable deed

9   conveying ownership of the Londonderry Property to Defendant and/or to return to Plaintiff the

10  $6,665,250.87 delivered by Plaintiff to Defendant outside of escrow.

11     19.   Plaintiff has no adequate remedy at law to enforce the Purchase Agreement,

12  other than the specific enforcement of the agreement.

13     20.   Plaintiff is entitled to specific performance of the terms, conditions, and

14  provisions of the Purchase Agreement, by court decree, among other things, ordering

15  Defendant to complete conveyance of both legal and equitable ownership of the Londonderry

16  Property to Plaintiff.

17

18                **THIRD CAUSE OF ACTION AGAINST DEFENDANT FOR**

19                             **DECLARATORY RELIEF**

20     21.   Plaintiff realleges and incorporates herein by reference each and every

21  allegation contained in Paragraphs 1 through 8 and 10 through 12, each inclusive , and 14

22  hereof as though set forth herein in their entirety.

23     22.   An actual controversy has arisen and now exists between Plaintiff and

24  Defendant concerning their respective rights and duties in that Plaintiff maintains that title to

25  the Londonderry Property rightfully belongs to it.  Without denying that Plaintiff is entitled to

26  ownership of record of the Londonderry Property, Defendant has failed to execute and deliver

27  to Plaintiff, and/or escrow, a fully executed original and recordable deed conveying ownership

28  of the Londonderry property to Plaintiff.

---

COMPLAINT

23.     Plaintiff desires a judicial determination of its rights and duties under and pursuant to the terms of the Purchase Agreement, and in particular that it is entitled to legal and beneficial ownership of the Londonderry Property.

**WHEREFORE** Plaintiff prays for judgment against defendants as follows:

## AS TO THE FIRST CAUSE OF ACTION

1.      Damages caused by Defendant's breach of contract, in an amount to be proven at trial;

2.      For attorneys' fees and costs of suit incurred herein;

3.      For such other and further relief as the Court may deem just and equitable.

## AS TO THE SECOND CAUSE OF ACTION

1.      For an order decreeing that the Defendant's interest in the Londonderry Property be transferred to Plaintiff and that the Purchase Agreement in all other respects be enforced in its favor.

2.      In the alternative, for an order directing the clerk of this court to execute and submit for recordation a grant deed conveying legal and beneficial ownership of the Londonderry property to plaintiff;

3.      For attorneys' fees and costs of suit incurred herein;

4.      For such other and further relief as the Court may deem just and equitable.

///
///
///
///
///
///

**AS TO THE THIRD CAUSE OF ACTION**

1.      For a declaration that Plaintiff has performed the terms of the Purchase Agreement and is entitled to receive both legal and beneficial ownership to the Londonderry Property;

2.      For attorneys' fees and costs of suit incurred herein;

3.      For such other and further relief as the Court may deem just and equitable.

Dated:     March 20, 2014

LAW OFFICES OF H. MICHAEL SOROY

By_____

    H. Michael, Soroy, Esq.
    Peter C. Ver Halen, Esq.
    Kristin A. Ingulsrud, Esq.
    Attorneys for Plaintiff

**Exhibit A**
**Legal Description**

All that certain real property in the County of LOS ANGELES, State of California, described as follows:

THOSE PORTIONS OF THE SOUTHEAST QUARTER OF SECTION 7, TOWNSHIP 1 SOUTH, RANGE 14 WEST, SAN BERNARDINO MERIDIAN, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT OF SURVEY OF SAID LAND ON FILE IN THE BUREAU OF LAND MANAGEMENT, DESCRIBED AS FOLLOWS:

PARCEL 1:

BEGINNING AT THE MOST NORTHERLY CORNER OF LOT 8 OF TRACT NO. 12360, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON MAP OF SAID TRACT, AS PER MAP RECORDED IN BOOK 239, PAGES 27 AND 28 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER, THENCE NORTH 5° 29' 50" WEST 108.75 FEET, THENCE SOUTH 75° 29' 25" EAST 20.00 FEET, THENCE NORTHEASTERLY, EASTERLY AND SOUTHEASTERLY ALONG A CURVE CONCAVE TO THE SOUTHWEST TANGENT AT THE POINT OF BEGINNING TO THE LAST MENTIONED COURSE, AND HAVING A RADIUS OF 108.50 FEET, A DISTANCE OF 111.75 FEET, MEASURED ALONG THE ARC OF SAID CURVE, SAID CURVE BEING THE NORTHWESTERLY CONTINUATION OF THAT CERTAIN CURVE IN THE WESTERLY LINE OF THE NORTHERLY TERMINUS OF LONDONDERRY PLACE HAVING A RADIUS OF 108.50 FEET AND A LENGTH OF 41.51 FEET AS SHOWN ON MAP OF SAID TRACT, TO A POINT IN SAID CONTINUATION OF CURVE DISTANT NORTHWESTERLY THEREON 139.39 FEET FROM THE SOUTHERLY EXTREMITY OF SAID CURVE, THENCE LEAVING SAID NORTHWESTERLY CONTINUATION SOUTH 44° 30' WEST, 123.05 FEET MORE OR LESS TO AN ANGLE POINT IN THE NORTHERLY LINE OF SAID LOT 8, THENCE NORTH 85° 15' WEST ALONG SAID NORTHERLY LINE OF SAID LOT 8, A DISTANCE OF 26.02 FEET TO THE POINT OF BEGINNING.

PARCEL 2:

BEGINNING AT THE NORTHEASTERLY CORNER OF LOT 8 OF SAID TRACT NO. 12360, RECORDED IN BOOK 239, PAGES 27 AND 28 OF MAPS, SAID CORNER BEING A POINT IN THE WESTERLY LINE OF LONDONDERRY PLACE, (30 FEET IN WIDTH) AS SHOWN ON SAID MAP, THENCE NORTH 28° 03' 20" EAST ALONG SAID WESTERLY LINE 23.70 FEET, THENCE CONTINUING ALONG SAID WESTERLY LINE OF LONDONDERRY PLACE, AND ITS CONTINUATION NORTHWESTERLY , THE SAME BEING A CURVE CONCAVE TO THE WEST, TANGENT AT ITS POINT OF BEGINNING TO THE LAST MENTIONED COURSE, AND HAVING A RADIUS OF 108.50 FEET, A DISTANCE OF 139.29 FEET, MEASURED ALONG THE ARC OF SAID CURVE, THENCE LEAVING SAID NORTHWESTERLY CONTINUATION, SOUTH 44° 30' WEST 123.05 FEET MORE OR LESS TO AN ANGLE POINT IN THE NORTHERLY LINE OF SAID LOT 8, THENCE SOUTH 57° 00' EAST ALONG SAID NORTHERLY LINE OF LOT 8, A DISTANCE OF 113.04 FEET TO THE POINT OF BEGINNING.

APN: **5559-010-012**

# PURCHASE AND SALE AGREEMENT

by and among

ORIWA VILLAS S.A. (the "Seller")

and

TRACERAIN CAPITAL, LLC (the "Buyer")

## PURCHASE AND SALE AGREEMENT AND ESCROW INSTRUCTIONS

This PURCHASE AND SALE AGREEMENT AND ESCROW INSTRUCTIONS (this "Agreement") is dated as of January 9, 2014 ("the Effective Date") and is entered into by and between Tracerain Capital, LLC, a California Limited Liability company or designee ("Buyer") and Oriwa Villas, S.A., a foreign corporation ("Seller").

### RECITALS

Seller is the owner of and agrees to sell to Buyer, more particularly described on Exhibit A attached hereto and made a part hereof, commonly known as 1401 Londonberry Pl, Los Angeles, CA 90069 (APN 5559-010-012) together with all improvements thereon (collectively, the "Property").

Buyer desires to purchase Property from Seller.

By this Agreement, Seller is agreeing to sell Property to Buyer, upon and subject to the terms and conditions set forth herein.

**NOW, THEREFORE,** in consideration of the terms and conditions of this Agreement and for other valuable consideration, the receipt of which is hereby acknowledged, Buyer and Seller agree as follows:

1. Purchase and Sale. Subject to and in accordance with the terms and conditions hereinafter set forth, on the Close of Escrow (as herein defined), Seller agrees to sell Property to Buyer, and Buyer agrees to purchase the Property from Seller.

2. Opening and Closing of Escrow. Within five (5) business days after the Effective Date, the parties shall open an escrow ("Escrow") with an Escrow company and Title company of the Buyers' choice, and shall deliver a copy of this fully executed Agreement to Escrow. "Close of Escrow" shall be the date that a grant deed for Property in favor of Buyer, is recorded in the Official Records of the City of Los Angeles. Close of Escrow shall occur on or before the date that is ten (10) days after the expiration of the Due Diligence Period as defined in Section 5 below ("Outside Closing Date").

3. Purchase Price; Deposit.

The purchase price for Property to be paid by Buyer is the sum of Eight Million Four Hundred Thousand Dollars ($8,400,000.00) ("Purchase Price")

Seller acknowledges having received the sum of Eight Hundred and Forty Thousand Dollars ($840,000.00) from Buyer (the "Deposit"). On the Close of Escrow, the Deposit shall be applied toward the Purchase Price. In the event this Agreement is terminated by Buyer under Section 5 below or as a result of a default by Seller, then the Deposit shall be refunded to Buyer.

4. Title and Title Insurance.

Buyer's fee title to Property shall be insured at the Close of Escrow by an CLTA Standard Coverage Owner's Policy of Title Insurance in the amount of the Purchase Price, issued by Title Company or, at the option of Buyer, an ALTA policy if Buyer performs an ALTA survey at Buyer's cost during the Due Diligence Period and requires an ALTA Extended Coverage Owner's Policy of Title Insurance (the "Title Policy"). The subject to the exceptions in the title report dated January 13, 2014 issued by Title Company under Order No. 114090133 (the "Permitted Title Exceptions").

Seller shall not encumber or agree to sell Property to any other party during the period from Effective Date to Close of Escrow or the date of the termination of this Agreement.

5. Due Diligence; Right Of Entry.

Buyer hereby acknowledges receipt of the document described on Exhibit "D". Seller hereby grants Buyer and its agents, employees, contractors and subcontractors designated in writing by Buyer to Seller (collectively "Representatives") the right to enter on the Property until the date that is thirty (30) days after the Effective Date (the "Due Diligence Period") for the purpose of inspecting the physical condition of the Property, including soils and geological matters and toxic or hazardous substances and other contamination subject to scheduling and coordination with the Seller. All such investigations shall be at Buyer's expense. All work performed by Buyer and its Representatives will be performed diligently and in a manner consistent with the standards of care, diligence and skill exercised by recognized consulting firms for similar services, and in accordance with professional standards and the requirements of any governmental agency or entity and all applicable laws, and shall not disturb, or otherwise violate the rights of tenants.

Buyer and its Representatives shall promptly notify the Seller of any discovery, spill, release, or discharge of any Hazardous Substances, as defined in Exhibit C below, on, under or about the Property which is discovered, encountered, or results from or is related to the Buyer's or its Representatives' access to and/or use of the Property under this Agreement.

In connection with the inspections of the Property by Buyer and its Representatives, Buyer shall, at its own cost and expense, take any necessary action to keep the Property, and any improvements and personality thereon, in good order and repair and safe condition to the extent that such Property, improvements or personality were in such condition prior to its entry, and the whole of the Property, in a clean, sanitary and orderly condition, including, without limitation, ensuring that any holes, ditches or other indentations, as well as any mounds or other inclines created by any excavation by Buyer or its Representatives are regraded, resurfaced and compacted. If any portion of the Property or an adjacent property, including improvements and fixtures, suffers damage or alteration by reason of the access and activities of Buyer or its Representatives on the Property, Buyer shall, at its own cost and expense, promptly repair all such damage and restore the Property or adjacent property to as good a condition as before such damage or alteration occurred, or if it cannot be repaired, Buyer shall replace such damaged or

altered property to the extent possible.

Prior to entering the Property, Buyer shall provide Seller with reasonable evidence that Buyer has reasonable insurance covering Buyer's activities on the Property. In any event, at its sole cost and expense, to defend, protect, indemnify, and hold free and harmless Seller and its employees, agents, and representatives, and their successors, and assigns (individually as "Indemnity" and collectively, "indemnities"), free and harmless from and against any and all damages, costs, expenses, liabilities, claims, demands, causes of action, proceedings, expenses, judgments, penalties, liens, and losses of any nature whatsoever (collectively, the "Claims"), including fees of accountants, attorneys, expert witnesses, or other professionals, and all costs associated therewith, arising or claimed to arise, directly or indirectly, out of, in connection with, resulting from, or related to any act, failure to act, error, or omission of Buyer or any of its Representatives arising or claimed to arise, directly or indirectly, out of, in connection with, resulting from, or related to entry upon the Property pursuant to this Section.

If Buyer determines, in its reasonable discretion, that the condition of the Property is not acceptable to Buyer, then Buyer may terminate this Agreement by written notice to Seller (specifying in detail the matters that are unacceptable) given on or before the end of the Due Diligence Period. If Buyer fails to so terminate this Agreement, Buyer shall be deemed to have approved all aspects of the condition of the Property.

6. Deposit of Documents and Funds in Escrow.

Seller and Buyer, as applicable, hereby covenant and agree to deliver to Escrow Holder at least one (I) business day prior to Close of Escrow the following instruments, documents, and times, the delivery of each of which shall be a condition of the Close of Escrow.

7. Seller shall deliver:

A Grant Deed in the form attached hereto as Exhibit "B" duly executed and acknowledged by Seller;

Such proof of Seller's authority and authorization to enter into this transaction as the Title Company may reasonably require in order to issue the Title Policy;

A completed and executed Form 593-C demonstrating no capital gain on the property;

And upon receipt of the wire for the purchase price (less the 10% deposit), a signed acknowledgement from the Seller confirming receipt of the wire;

8. Buyer shall deliver:

The Purchase Price (less the 10% Deposit), wired to a bank account of the seller's designation. This wire is to be executed by the buyer within 3 business days upon confirmation from the designated escrow company that the documents (excluding the wire receipt acknowledgement) in Section 7 have been duly delivered by the Seller;

Such funds as are required to pay for costs and expenses payable by the Buyer hereunder, wired to the designated Escrow company;

[Such proof of Buyer's authority and authorization to enter into this transaction as the Title Company may reasonably require in order to issue the Title Policy;]

Each of the Buyer and Seller may waive (in writing) any condition of the Close of Escrow set forth in this Section 6.

9. Authorization to Record Documents and Disburse Funds. Escrow Holder is hereby authorized to record the documents and disburse the funds and distribute the documents called for hereunder upon the Close of Escrow, provided each of the following conditions has then been fulfilled:

The Title Company can issue in time of Buyer the Title Policy, with a liability in the amount of the Purchase Price, showing fee title to the Property vested in Buyer, subject only to the Permitted Title Exceptions.

Seller and Buyer shall have deposited in Escrow the documents and funds required pursuant to Section 6.

10. Charges. Buyer shall pay (i) all of the escrow fees and charges of Escrow Holder, (ii) the cost of the premium for the Title Policy, (iii) the cost of all endorsements to the Title Policy, (iv) all costs and charges for the recordation of the Grant Deed, (v) any documentary or other local transfer taxes on the transfer of the Property, and (vi) Buyer's share of the charges prorated under this Agreement. If the Escrow shall fail to close for any reason other than Seller's default, Buyer shall pay any applicable Escrow cancellation charges.

11. Condemnation; Destruction. All risk of loss with respect to the Property shall remain with Seller until after the Close of Escrow and delivery of possession of the Property to Buyer. If at any time prior to the Close of Escrow, the Property, or any portion thereof, is damaged by fire or other casualty or taken or appropriated through eminent domain or similar proceedings, or is condemned for any public or quasi-public use, Buyer may terminate this Agreement. If Buyer terminates this Agreement, Seller shall be entitled to receive all insurance proceeds payable to Buyer or Seller or all condemnation proceeds actually paid for that portion of the property taken. If Buyer elects to maintain this Agreement in full force and effect, then upon Close of Escrow, Buyer shall be entitled to receive all insurance proceeds payable to Seller or all condemnation proceeds actually paid for that portion of the Property taken or, if such proceeds have been paid to Seller, Buyer shall receive a credit against the Purchase Price equal to the amount of proceeds actually paid to Seller. Buyer shall not be entitled to any reduction in the Purchase Price.

12. Default. In the event of a breach or default under this Agreement by either Seller or Buyer, the non-defaulting party shall have the right to terminate this Agreement and the Escrow for the purchase and sale of the Property by delivering written notice thereof to the defaulting party and to Escrow Holder, and if Buyer is the non-defaulting party, Buyer shall thereupon promptly receive a refund of the Deposit. Such right of termination

of the Escrow by the non-defaulting party shall be without prejudice to the non-defaulting party's rights and remedies against the defaulting party at law or equity, and specifically the right to specific performance of this Agreement.

13. As Is; Release. Buyer is acquiring the Property "AS IS, WHERE IS" without any representation or warranty of Seller, express, implied or statutory, as to the nature or condition of or title to the Property or its fitness for Buyer's intended use of same. Buyer is familiar with the Property. Buyer is relying solely upon its own, independent inspections, investigations and analysis of the Property as it deems necessary or appropriate in so acquiring the Property from Seller, including, without limitation, an analysis of any and all matters concerning the condition of the Property and its suitability for Buyer's intended purposes, and a review of all applicable laws, ordinances, rules and governmental regulations (including, but not limited to, those relative to building, zoning and land use) affecting the development, use, occupancy or enjoyment of the Property.

Buyer waives and releases as of the Close of Escrow any and all claims it may have against Seller relating to the physical condition of the Property (including, without limitation, the presence or release hazardous materials or substances). To the extent of such waiver and release, Buyer expressly waives its rights, if any, under California Civil Code Section 1542 which provides:

14. Notices. All notices and demands shall be given in writing by certified mail, postage prepaid, and return receipt requested, or by recognized national courier service or by personal delivery. Notices shall be considered given upon the earlier of (a) personal delivery or (b) two (2) business days following deposit in the United States mail, postage prepaid, certified or registered, return receipt requested or the following business day if sent by overnight courier. A copy of all notices shall be sent to Escrow Holder. Notices shall be addressed as provided below for the respective party; provided that if any party gives notice in writing of a change of name or address, notices to such party shall thereafter be given as demanded in that notice:

Buyer: Tracerain Capital, LLC, a California Limited Liability Company, 11766 Wilshire Blvd., Ste. 270, Los Angeles, CA 90025 or Designee

Seller: Oriwa Villas S.A. a Guatamalan Corporation, Guatamal Citibank Tower, 3a Avenida 13-78, Zona 10, Torre Citibank, 8vo Bivel

Copy to:_____

_____

_____

Escrow Holder:_____

_____

_____

15. Broker's Commissions. The parties hereto acknowledge that this transaction did not involve a broker or a salesperson or finder ("Broker") representing either Buyer or Seller.

Each party shall defend, indemnity and hold the other party harmless from and against any and all claims for any broker's commissions or similar compensation that may be payable to a Broker based on communications between the indemnifying party and such Broker. The provisions of this Section shall survive the Close of Escrow.

16. Standard Instructions. Each party agrees to execute Escrow Holder's supplemental reasonable standard instructions as may be necessary or proper in order to consummate the transactions contemplated by this Agreement; provided, however, in the event of a material conflict between the terms hereof and the terms of such standard instructions, the terms hereof shall control.

17. Time is of the Essence. The parties hereto agree that time is of the essence with respect to each term, condition and covenant hereof.

18. Successors and Assigns. The provisions of this Agreement are expressly binding upon, and shall inure to the benefit of the parties hereto and their successors in interest and assigns.

19. Entire Agreement. This Agreement, together with all exhibits hereto, integrates all of the terms and conditions mentioned herein or incidental hereto, and supersedes all negotiations or previous agreements between the parties or their predecessors in interest with respect to all or any part of the subject matter hereof Notwithstanding the foregoing, the Temporary Construction Easement shall survive the Close of Escrow.

20. Severability. Invalidation of any of the terms, conditions, covenants, or other provisions contained herein by judgment or court order shall in no way affect any of the other terms, conditions, covenants, or provisions hereof, and the same shall remain in full force and effect.

21. Amendments. Any amendments to this Agreement shall be effective only when duly executed by Seller and Buyer and deposited with Escrow Holder.

22. Attorneys' Fees. In the event that suit is brought for the enforcement of this Agreement or as the result of any alleged breach thereof, the prevailing party or parties in such suit shall be entitled to recover their reasonable attorneys' fees, costs, and expenses from the losing party or parties, and any judgment or decree rendered in such proceedings shall include an award thereof.

23. No Third Party Beneficiary Rights. This Agreement is entered into for the sole benefit of Seller and Buyer and no other parties are intended to be direct or incidental beneficiaries of this Agreement.

24. Governing Law. This Agreement shall be governed by and construed accordance with the laws of the State of California.

25. Counterparts. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same installment. For purposes of this Agreement, facsimile

signatures shall be deemed to be original signatures, and shall be followed by the immediate overnight delivery of original signature pages.

26. Assignment of Agreement. Neither Buyer nor Seller may assign or transfer their respective rights or obligations under this Agreement without first obtaining the prior written consent of the other, which consent may be granted or withheld in its sole and absolute discretion.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date first above written.

**BUYER:**

**TRACERAIN CAPITAL, LLC**

_____

**BY:**

**TITLE:**


**SELLER:**

**ORIWAS VILLAS S.A.**

_____

**BY:** Matthew Mark Mendez

**TITLE:** Owner

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Kristin A. Ingulsrud, Esq. (SBN 294532)
H. Michael Soroy, Esq. (SBN 153944)
LAW OFFICES OF H. MICHAEL SOROY
11766 Wilshire Boulevard, Suite 270
Los Angeles, California 90025-6537
TELEPHONE NO.: 310-444-7750   FAX NO.: 310-312-1034
ATTORNEY FOR *(Name):* TRACERAIN CAPITAL, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

CASE NAME: TRACERAIN CAPITAL, LLC v. ORIWA VILLAS S.A.

**FILED**
Superior Court Of California
County Of Los Angeles

MAR 20 2014

Sherri R. Carter, Executive Officer/Clerk
By _Kristina Vargas_, Deputy
Kristina Vargas

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | **BC 5 3 9 6 5 1** |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |
| | | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | |
| [ ] Other PI/PD/WD (23) | | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: March 20, 2014

Kristin A. Ingulsrud, Esq. (SBN 294532)
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions ® Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
    Physicians & Surgeons
   Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
    and fall)
   Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
   Intentional Infliction of
    Emotional Distress
   Negligent Infliction of
    Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
    Contract *(not unlawful detainer*
    *or wrongful eviction)*
   Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
    Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
    Case Matter
   Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
    County)
   Confession of Judgment *(non-*
    *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
    *(not unpaid taxes)*
   Petition/Certification of Entry of
    Judgment on Unpaid Taxes
   Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
    *harassment)*
   Mechanics Lien
   Other Commercial Complaint
    Case *(non-tort/non-complex)*
   Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
    Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
    Claim
   Other Civil Petition

| SHORT TITLE: TRACERAIN CAPITAL, LLC v. ORIWA VILLAS S.A. | CASE NUMBER **BC539651** |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
> 2. May be filed in central (other county, or no bodily injury/property damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109

| SHORT TITLE: | TRACERAIN CAPITAL, LLC v. ORIWA VILLAS S.A. | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☒ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | TRACERAIN CAPITAL, LLC v. ORIWA VILLAS S.A. | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: TRACERAIN CAPITAL, LLC v. ORIWA VILLAS S.A. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS:    1401 Londonderry Place |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | Los Angeles, California 90069 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90069 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u>                courthouse in the <u>Central</u>                District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated:   <u>3-20-14</u>

<u>(signature)</u>
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**