UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN BABIKIAN,<br><br>            Defendant, | Case No.  14-CV-1740 (PAC) |

### CONSENT OF DEFENDANT JOHN BABIKIAN

1.      Defendant John Babikian acknowledges service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.  Defendant executes this Consent in connection with an offer of settlement in this case, and Defendant reserves the right to withdraw this Consent in the event the Court does not enter judgment in the form attached hereto (the "Final Judgment as to Defendant John Babikian", hereinafter the "Final Judgment"), which is incorporated by reference herein and described below.

2.      Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the "Final Judgment, which, among other things:

   a. permanently restrains and enjoins Defendant and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order, from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b)

1

of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];

b. permanently restrains and enjoins Defendant and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order, from recommending, directly or indirectly, the purchase of any U.S. publicly traded or quoted stock, without simultaneously disclosing any plans or intentions to sell such stock within 14 days of the recommendation;

c. permanently bars Defendant and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order, from participating in an offering of penny stock; and

d. orders Defendant to disgorge $1,915,670, plus prejudgment interest thereon in the amount of $128,073, and to pay a civil penalty of $1,686,257, for a total of $3,730,000.00; and

e. supersedes and supplants all previous orders in this matter that temporarily restrain and preliminarily enjoin Defendant, and that prohibit or impair Defendant and others from transferring any assets in which Defendant holds a direct or indirect interest, including the prejudgment writs of attachment on Defendant's properties that the Court previously authorized in Los Angeles County, California and Wasco County, Oregon.

3. Defendant agrees to satisfy his obligation under the Final Judgment by relinquishing all right, title and interest to the $3,730,000 to be held in the Court Registry at the time the Final Judgment in this matter is presented to the Court for signature, including the

$2,545,289.55 in funds that already have been deposited into the Court Registry by NetJets, Inc., and $1,184,710.45 in additional funds that Defendant will cause to be deposited into the Court Registry before the Commission presents this Consent and Final Judgment to the Court for approval.  Defendant agrees to seek leave of the Court's asset freeze to liquidate, if necessary, and transfer specified assets sufficient to deposit the balance of $1,184,710.45 into the Court Registry, and Defendant understands and agrees that the Commission will not submit this Consent and Final Judgment to the Court for approval until $1,184,710.45 in additional funds have been deposited into the Court Registry.  Defendant further agrees that no part of the total sum of $3,730,000 shall be returned to Defendant or his heirs or assigns.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5.  In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's:  (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. This Consent shall not be used in this or any other proceeding for any purpose unless and until the Final Judgment in this matter is signed by the Court.  Defendant agrees that the Commission may present this Consent and the Final Judgment for signature and entry by the Court without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

_4th_ Day of ___June_____, 2014        _John Babikian_____
                                         John Babikian

 STATE_ **OF** _VIRGINIA_____     }
                                  }   **SS:**
 COUNTY_ **OF** _CHESTERFIELD_  }

The foregoing instrument was acknowledged before me this _4th_ day of _June_____, 2014, by _John Babikian_____, who _____ is personally known to me or _X_ who has produced a __Canadian Passport_____ as identification and who did take an oath.

_Henry Smith_____
Notary Public
State of _Virginia_____
Commission Number**:** 7558779
Commission Expiration**:** 09/30/2017