Crotty, P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 7-8-14

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

JOHN BABIKIAN,

Defendant,

Case No. 14-CV-1740 (PAC)

### FINAL JUDGMENT AS TO DEFENDANT JOHN BABIKIAN

The Plaintiff United States Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant John Babikian ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by using any means or instruments of transportation or communication in interstate commerce, or by use of the mails, directly or indirectly:

1

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from recommending, directly or indirectly, the purchase of any U.S. publicly traded or quoted stock, without simultaneously disclosing any plans or intentions to sell such stock within 14 days of the recommendation.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,915,670, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $128,073, and a civil penalty in the amount of $1,686,257, pursuant to Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)] and Securities Act Section 20(d) [15 U.S.C. § 77t(d)]], for a total of $3,730,000. Defendant shall satisfy this obligation by relinquishing all right, title and interest to the

$3,730,000 now in deposit in this Court's Registry in this case; no part of such funds shall be returned to Defendant or his heirs or assigns; and all of such funds shall be applied to satisfy Defendant's payment obligation set forth above. Within three business days of the entry of this Order, the Clerk of the Court shall issue a check payable to the Securities and Exchange Commission in the amount of the funds now in deposit in the Registry of the Court in this case, less Court Registry fees in accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts. The check shall contain the notation: "SEC v. John Babikian, Case No. 14-CV-1740," and be mailed via U.S. Mail to the Securities and Exchange Commission c/o, Enterprise Services Center, Accounts Receivable Branch, HQ Bldg., Room 181, AMZ-3416500 South MacArthur Boulevard, Oklahoma City, OK 73169. The Commission will hold the funds paid in this proceeding pending the Commission's decision whether, in its discretion, to transfer the funds to the United States Treasury, in which instance further court approval shall not be not required, or to propose a distribution plan to the Court as set forth in paragraph VI., below.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Commission may distribute civil money penalties together with disgorgement and prejudgment interest collected in this proceeding, subject to court approval of the establishment of a Fair Fund pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil money penalties pursuant to this Order shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that in any Related Investor Action, he shall not argue that he is entitled to, nor shall he benefit by, offset or

reduction of any award of compensatory damages by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this proceeding. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the final judgment in this proceeding.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the annexed Consent of John Babikian is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Final Judgment supersedes and supplants all previous orders in this matter that temporarily restrain and preliminarily enjoin John Babikian, and that prohibit or impair John Babikian and others from transferring any assets in which Babikian holds a direct or indirect interest. The Commission's prejudgment writs of attachment on Defendant's properties in Los Angeles County, California, and Wasco County, Oregon that the Court previously authorized in this matter (docket #6) are hereby released; however, the releases authorized herein are not to be construed as a release

against any other writs or liens that are or may be filed against John Babikian or the properties that were the subject of the Commission's prejudgment writs of attachment.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that those proceeds from the sale of 642 North Laurel Avenue, Los Angeles, California which were not deposited previously into the Court's registry and which are presently maintained in the Saiber LLC Attorney Trust Account pursuant to this Court's Order of June 16, 2014 (docket #44), are hereby released with no further limitation by this Court on the withdrawal, transfer, or disposition of those funds.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

_____
UNITED STATES DISTRICT JUDGE
Paul A. Crotty

Date: _____July 7_____, 2014

Before signing the above Final Judgment, the Court determined that it was legal, that the terms of the decree are clear, that this decree resolves the claims of the complaint, and that there is no suggestion of collusion or improper behavior. Accordingly this decree is fair and reasonable. With respect to the injunctive portions of the decree they are in the public interest. See SEC v. Citibank 757 F. 3rd 283 (2nd Cir June 4, 2014).

So ordered
Paul Crotty
USDJ 7-7-14

6