UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                    Plaintiff,<br><br>  v.<br><br>JOHN BABIKIAN,<br><br><br>                    Defendant. | NO. 1:14-cv-01740-PAC |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF AN ORDER TO ESTABLISH A FAIR FUND AND APPOINT A TAX ADMINISTRATOR AND DISTRIBUTION AGENT**

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that upon the accompanying Motion, Memorandum, and Proposed Order, and all other papers and proceedings herein, Plaintiff United States Securities and Exchange Commission will move this Court, the Honorable Paul A. Crotty, for an Order establishing a Fair Fund and appointing a Tax Administrator and Distribution Agent.

**MOTION**

Plaintiff United States Securities and Exchange Commission ("SEC" or the "Commission") respectfully moves the Court to (i) establish a Fair Fund under Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010 [15 U.S.C.

1

7246], (ii) appoint Damasco & Associates, LLP[1], a certified public accounting firm located in Half Moon Bay, California, as Tax Administrator, and (iii) appoint Epiq Systems, Inc. ("Epiq") to serve as the Distribution Agent of the Fair Fund in this matter. The Commission staff will work with the Distribution Agent to develop a plan and will return to the Court separately to move for approval of the proposed plan.

**MEMORANDUM OF LAW**

**I. BACKGROUND**

On March 13, 2014, the Commission filed a complaint against John Babikian ("Defendant") for his role in a securities fraud known as "scalping" by using a platform of affiliated microcap stock promotion websites to fraudulently promote and illegally scalp Utah-based coal mining corporation America West Resources, Inc.

On July 8, 2014, the Court entered Final Judgment against the Defendant (Dkt. # 46). The Court ordered that Babikian was liable for disgorgement of $1,915,670, together with prejudgment interest thereon in the amount of $128,073, and a civil penalty in the amount of $1,686,257, pursuant to the Exchange Act Section 21(d)(3) [15 U.S.C. 78u(d)(3)] and the Securities Act Section 20(d) [15 U.S.C. 77t(d)], for a total of $3,730,000. Pursuant to the Final Judgment, the Defendant paid the full amount ordered to the Court Registry on July 2, 2014 and thereafter, the Clerk of the Court transferred the funds to the SEC. The money is currently deposited with the United States Treasury's Bureau of Fiscal Service for investment. The SEC intends to develop a plan to distribute the collective $3,730,000 received from Defendant to harmed investors.

---

[1] As of October 1, 2016, Damasco & Associates, LLC, became a part of Miller Kaplan Arase LLC. The firm's engagement with the SEC and its ability to carry out its duties as appointed Tax Administrator for this case has not changed.

## II. ESTABLISHMENT OF A FAIR FUND

Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, is entitled "Fair Funds for Investors" and provides that a Court shall, upon the Commission's motion, include a defendant's civil penalties in a distribution to victims of securities laws violations.[2] A fair fund permits civil penalties to be distributed to injured investors instead of to the United States Treasury.[3] Section 308(a) states in relevant part:

> CIVIL PENALTIES TO BE USED FOR THE RELIEF OF VICTIMS: If, in any judicial or administrative action brought by the Commission under the securities laws, the Commission obtains a civil penalty against any person for a violation of such laws, or such person agrees, in settlement of any such action, to such civil penalty, the amount of such civil penalty shall, on the motion or at the direction of the Commission, be added to and become part of a disgorgement fund or other fund established for the benefit of the victims of such violation.

In this matter, permitting the civil penalties paid by Defendant to be distributed will allow the Commission to return a substantial amount of money to injured investors, rather than pay such monies directly to the United States Treasury. Accordingly, the Commission requests that the Court establish a Fair Fund (the "Fair Fund") consisting of the full amount disbursed to the Commission in satisfaction of Defendant's ordered civil penalties.

## III.   TAX ADMINISTRATOR APPOINTMENT

The Fair Fund constitutes a Qualified Settlement Fund ("QSF") under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. 468B(g), and related regulations, 26 C.F.R. 1.468B-1 through 1.468B-5.  A Tax Administrator, on behalf of the Fair Fund, should be appointed and authorized to take all necessary steps to enable the Fair Fund to obtain and

---

[2] Section 308 was amended by Section 929B of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Public Law 111-203, 2010 HR 4173 (July 2010).

[3] Prior to the Sarbanes-Oxley Act, all civil penalties were required to be paid to the United States Treasury under Section 21(d)(3)(C) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)(C)].

maintain the status of a taxable QSF, including the filing of all required elections and statements contemplated by those provisions.  The Tax Administrator would cause the Fair Fund to pay taxes in a manner consistent with treatment of the Fund as a QSF.  The reasonable costs, fees, and other expenses incurred in the performance of the Tax Administrator's duties would be paid by the Fair Fund in accordance with the agreement between the Commission and the Tax Administrator.

In Summary, this agreement provides for compensation for services and expenses as follows:

| SERVICE | FIXED FEE |
|---|---|
| Income Tax returns, including items 1-6 (below). | $1850 – District Court Cases<br><br>$1400 – Administrative Proceeding Cases |
| Income Tax returns, including items 1-6 (below), for funds with assets of $120,000 or less or are open and closed within the same year. | $850 |
| Loss Carryback (claim for refund) returns. | $550 |

Fixed fee tax compliance services include:[4]

1. Obtain a federal tax identification number ("FEIN") for the QSF.
2. Prepare and file federal and state income tax returns, as required.

---

[4] These fixed fees include all copying and routine postage expenses.  They also include any internal expenses of the Tax Administrator in performing these services, such as facsimile fees and telephone charges.  Expenses that are not included are expedited delivery fees (such as Federal Express) and other extraordinary costs, such as extended telephone conferences and reports.  Additional tax compliance services and services for the administration of the QSF would be provided at the Commission's request and billed at the Tax Administrator's current rates discounted by 20%.

4

3.  Where required, calculate quarterly estimated tax payments and provide information to the Court so that payments may be made timely.

4.  Make arrangements with the SEC or its agents to pay tax liability.

5.  Calculate and recommend retention of a reserve, if necessary, for penalties and interest to be assessed as a result of any late filing of tax returns and late payment of taxes.

6.  Determine and comply with tax reporting obligations of the QSF relating to distributions or payments to vendors, if applicable.

Authorization for Commission Staff to Make Future Tax Payments and Pay Tax Administrator Fees

In an effort to meet future tax payment deadlines, avoid the assessment of late payment penalties, and make timely payment to the Tax Administrator for services provided, the Commission further requests that Commission staff be authorized to approve and arrange payment of all future tax obligations and Tax Administrator fees and expenses from the Fair Fund without prior Court approval.[5] Authorizing Commission staff to approve and pay future tax obligations and tax administrator fees and expenses from the Fair Fund without prior Court Approval will expedite the payment process, reducing the risk of late tax payments and penalties. All tax payments and tax administrator fees will be reported to this Court in the final accounting of the Fund once the distribution is complete.

---

[5] Currently, the procedure would be for the Tax Administrator appointed by this Court to determine the tax liabilities of the Fair Fund and/or its invoice for services, prepare the necessary documents, and send them to the Commission staff for review.  The Commission staff would then submit the motion to the Court to authorize payment of the taxes and/or fees from the Fair Fund, which is currently deposited in the CRIS.  If the Court approves the Commission's request to pay future tax obligations and/or tax administrator invoices for fees and expenses, Commission staff will approve and arrange payment of all future tax obligations and tax administrator fees and expenses from the Fair Fund after Commission staff review of the Tax Administrator's documents.

## IV. **DISTRIBUTION AGENT RECOMMENDATION**

The Commission requests an Order appointing Epiq, with a principal office located at 777 Third Avenue, 12th Floor, New York, NY 10017, as the Distribution Agent for the Fair Fund, and for the ultimate handling of any distribution in this case. If appointed, Epiq will work with the Commission's staff in formulating a distribution plan and obtaining the Court's approval of the plan, as well as determining the identities of injured investors and investor harm, establishing a claims process to evaluate and verify claims, fielding inquiries from investors and overseeing the ultimate distribution of the Fair Fund.

The Commission staff recommends that the Court appoint Epiq to distribute the Fair Fund. The Commission staff believes that Epiq is highly qualified for the tasks required of a distribution agent and will be fair, efficient, cost-effective, and timely in its efforts. Due to its experience, Epiq is well-suited to distribute the Fair Fund. In addition, Epiq is part of a pool of administrators the Commission has approved for appointment in administrative proceedings and for recommendation to the Court in civil proceedings.

Epiq does not have any conflicts of interest that would keep it from fully and fairly exercising its duties as the Distribution Agent for the Fair Fund. If appointed by the Court, Epiq will also take affirmative steps to ensure that any entities or individuals engaged by Epiq also have no such conflicts of interests.

## V. **RESPONSIBILITIES OF A DISTRIBUTION AGENT**

If appointed, Epiq will have the following duties and responsibilities as Distribution Agent for the Fair Fund.

<u>General Duties</u>

If appointed, Epiq will, among other things, develop a Distribution Plan acceptable to the Commission to be submitted and approved by the Court; implement the Distribution Plan,

including determining the identities of injured investors and investor harm, and establishing a claims process to evaluate and verify claims pursuant to the Distribution Plan; oversee the administration of the Fair Fund including fielding inquiries from investors and overseeing the ultimate distribution of the Fair Fund; prepare accountings; and maintain accurate records concerning the Fair Fund.

If appointed, as part of its duties, Epiq will coordinate with the Court-appointed Tax Administrator, Damasco & Associates LLP, to ensure that the Fair Fund, a Qualified Settlement Fund ("QSF") under Section 468B(g) of the Internal Revenue Code, and related regulations, 26 C.F.R.§§1.468B-1 through 5, complies with all related legal and regulatory requirements, including but not limited to, satisfying any reporting or withholding requirements imposed on distributions from a QSF.

<u>Protection of Funds</u>

Epiq will ensure the integrity and protection of the Fair Fund so that: (i) upon transfer from the SEC, funds will be held in an escrow account pursuant to an escrow agreement acceptable to the Commission, separate from bank assets and invested in SEC approved Treasury-backed instruments, until presented checks or electronic transfers are approved for payment, at which time funds will be transferred to a distribution checking account for disbursement; (ii) presented checks or electronic transfers will be subject to controls set forth in the escrow agreement before being honored by the bank; and (iii) both the bank and the Distribution Agent will maintain sufficient insurance that covers errors and omissions, misfeasance, and fraud.

<u>Reporting</u>

Within 20 days after the end of each calendar quarter, the Distribution Agent will

submit a report to the Commission staff showing an accounting of all assets in the Fair Fund, in a format to be provided by the Commission staff. The accounting shall inform the Commission of the status and activities of the Fair Fund during the reporting period, and shall specify, at a minimum, the location of the account(s) comprising the Fair Fund, the value of those account(s), all monies earned or received into the account(s), monies distributed to claimants under the Distribution Plan, and any monies expended to satisfy fees, costs, taxes, and other expenses incurred. At the conclusion of the distribution, the Distribution Agent will coordinate with the Tax Administrator to provide SEC staff with a final accounting for the Fair Fund, in a format to be provided by the Commission staff.

Reimbursement

Epiq will be entitled to reimbursement and compensation from the Fair Fund, in amounts and at rates not to exceed those outlined in the November 1, 2016 proposal submitted to Commission staff, for the reasonable costs, fees, and other expenses incurred in the performance of its duties. Epiq will provide Commission counsel with a copy of its request, which shall include supporting documentation to justify the expenses or services rendered, and the detail of the charges. The documentation must be submitted to the Commission staff at least fifteen days before the Commission makes a request for reimbursement and compensation to the Court. All reimbursement and compensation requests must be approved by the Court before payment from the Fair Fund may be made. No fees or expenses will be paid from the Fair Fund without Court approval.

Other General Provisions

The Distribution Agent is entitled to rely on all outstanding rules of law and Court Orders.

The Court will retain exclusive jurisdiction over the distribution, including, but not limited to, claims against the Distribution Agent asserting liability for violation of any duty imposed by the Distribution Plan or other Court Order.

The Distribution Agent may be removed *sua sponte* at any time by the Court or upon motion of the Commission and replaced with a successor.  If the Distribution Agent decides to resign, it must first give written notice to the Commission staff and the Court of its intention, and the resignation, if permitted, will not be effective until the Court has appointed a successor.  The Distribution Agent will then follow instructions from the Court or a successor for turning over management of the Fair Fund, including records maintained by the Distribution Agent in connection with its duties and information relating to Fair Fund monies and property.  Unless otherwise ordered, the Distribution Agent will, within 30 days of the notice of resignation or removal, file with the Court a distribution status report and provide a full accounting in accordance with the Reporting provision on pages 7-8.

WHEREFORE, the Commission respectfully requests that this Court enter the Proposed Order and grant such other relief as the Court deems just and proper.

Dated: January 4, 2017                     Respectfully submitted,

                                           s/ Keshia W. Ellis
                                           Keshia W. Ellis
                                           Senior Counsel
                                           Securities and Exchange Commission
                                           100 F St, N.E., S.P. III
                                           Washington, D.C. 20549-5876
                                           Phone: (202) 551-4406
                                           Fax: (202) 772-9304
                                           Email: Elliskw@sec.gov
                                           Michigan Bar # P65146
                                           Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Keshia W. Ellis, hereby certify that, on January 4, 2017, I caused a copy of the foregoing Motion to Establish a Fair Fund and Appoint a Tax Administrator and Distribution Agent to be filed with the Court's CM/ECF system, which will automatically send a copy of the document to all counsel of record.

                                                                   s/ Keshia W. Ellis
                                                                    Keshia W. Ellis