## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) <br> ) <br> ) <br> )    **Civil No. 1:14-cv-01740-** <br> )    **PAC** |
|                      **Plaintiff,** | ) |
|     **v.** | ) <br> ) |
| JOHN BABIKIAN, | ) <br> ) |
|                     **Defendant.** | ) |

_____

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF AN ORDER APPROVING PROPOSED DISTRIBUTION PLAN FOR THE FAIR FUND

## NOTICE OF MOTION

PLEASE TAKE NOTICE that upon the accompanying Motion, Memorandum, and Proposed Order, and all other papers and proceedings herein, Plaintiff United States Securities and Exchange Commission will move this Court, at a date and time to be determined by the Court, before the Honorable Paul A. Crotty, for an Order approving the proposed Distribution Plan.

## MOTION

Plaintiff United States Securities and Exchange Commission ("SEC" or the "Commission") respectfully moves the Court to approve the proposed Distribution Plan. The SEC has submitted a proposed Order to the Court contemporaneously with the filing of this Motion.

## MEMORANDUM OF LAW

1

## I.      BACKGROUND

On March 13, 2014, the Commission filed a complaint against John Babikian ("Defendant") for his role in a securities fraud known as "scalping."  Scalping is the practice of recommending the purchase of a stock and immediately selling the stock without adequately disclosing the intent to sell.  Babikian used a platform of affiliated microcap stock promotion websites to fraudulently promote and illegally scalp Utah-based coal mining corporation America West Resources, Inc.

On July 8, 2014, the Court entered Final Judgment against the Defendant (Dkt. # 46). The Court ordered that Defendant was liable for disgorgement of $1,915,670.00, together with prejudgment interest thereon in the amount of $128,073.00, and a civil penalty in the amount of $1,686,257.00, pursuant to the Exchange Act Section 21(d)(3) [15 U.S.C. 78u(d)(3)] and the Securities Act Section 20(d) [15 U.S.C. 77t(d)], for a total of $3,730,000.00.   Pursuant to the Final Judgment, the Defendant paid the full amount ordered to the Court Registry on July 2, 2014 and thereafter, the Clerk of the Court transferred the funds to an SEC designated account at the United States Treasury.  On January 4, 2017, the Commission filed a motion to establish a Fair Fund and appoint a tax administrator and distribution agent (Dkt. # 47).  On January 19, 2017, the Court issued an order that established a Fair Fund, and appointed Damasco & Associates, LLP[1] as the tax administrator and Epiq Systems, Inc. as the distribution agent (Dkt. # 48).

The Fair Fund is currently deposited with the United States Treasury's Bureau of Fiscal Service for investment in an interest bearing account.  The Commission now respectfully moves

---

[1] As of October 1, 2016, Damasco & Associates, LLP, became a part of Miller Kaplan Arase, LLP. The firm's engagement with the SEC and its ability to carry out its duties as appointed Tax Administrator for this case has not changed.

the Court for an Order approving the proposed Distribution Plan ("Exhibit A").

## II.    ARGUMENT

### A.   The Applicable Standard

Nearly every plan to distribute funds obtained in a Commission enforcement action requires choices to be made regarding the allocation of funds between and among potential claimants within the parameters of the amounts recovered.  In recognition of the difficulty of this task, Courts historically have given the Commission significant discretion to design and set the parameters of a distribution plan.  *See, e.g.*, *SEC v. Wang*, 944 F.2d 80, 83-84 (2d Cir. 1991); *SEC v. Levine*, 881 F.2d 1165, 1182 (2d Cir. 1989).

The Court's review of a proposed Fair Fund distribution plan focuses on whether the plan is fair and reasonable.  *See Official Committee of Unsecured Creditors of Worldcom, Inc. v. SEC*, 467 F.3d 73, 81 (2d Cir. 2006) "([u]nless the consent decree specifically provides otherwise[,] once the district court satisfies itself that the distribution of proceeds in a proposed SEC disgorgement plan is fair and reasonable, its review is at an end") citing *Wang*, 944 F.2d at 85.[2]

For the reasons articulated below, the Commission submits that the proposed Distribution Plan ("Distribution Plan") constitutes a fair and reasonable allocation of the funds available for distribution and should be approved.

### B.   The Commission's Proposed Distribution Plan Provides a Fair and Reasonable Allocation

The Commission's goal in fashioning a Distribution Plan is to identify a methodology that would allocate the available funds fairly and reasonably, in a manner proportional to the

---

[2] Courts have historically deferred to the Commission's decisions regarding whether and how to distribute disgorgement and prejudgment interest.  *SEC v. Fischbach Corp.*, 133 F.3d 170, 175 (2d Cir. 1997).  Courts have also held that the decision of whether and how to distribute penalty money is soundly within the Commission's discretion.  *Official Committee of Unsecured Creditors of Worldcom, Inc. v. SEC,* 467 F.3d 72, 84 (2d Cir. 2006).

economic harm that investor victims suffered as a result of the Defendant's actions.  The Commission's complaint alleged that the Defendant, a promoter behind a platform of affiliated microcap stock promotion websites, used AwesomePennyStocks.com and its related site PennyStocksUniverse.com, to commit a brand of securities fraud known as "scalping."  Scalping it the practice of recommending the purchase of a stock and immediately selling the stock without adequately disclosing the intent to sell.  Accordingly, the proposed Distribution Plan would equitably distribute the Fair Fund to investor victims of the Defendant's securities violations.  The Distribution Plan contemplates that a total of approximately $3,730,000.00 will be distributed to Eligible Recipients on a *pro rata* basis for the harm created by Defendant's conduct.  Commission staff plans to quickly distribute the approximately $3,730,000.00 collected from Defendant, less any taxes and fees of the Tax Administrator and Distribution Agent, on a *pro rata* basis to Eligible Recipients, subject to the Court's approval of this Distribution Plan.

**WHEREFORE**, for all the foregoing reasons, the Commission respectfully requests that the Court enters the attached proposed Order and grants such other relief as the Court deems just and proper.


Dated:  August 14, 2018                          Respectfully submitted,

                                                                 */s/ Keshia Ellis*
                                                                 Keshia Ellis
                                                                 Trial Counsel
                                                                 Securities and Exchange Commission
                                                                 100 F Street, N.E., S.P. III
                                                                 Washington, D.C. 20549-5876
                                                                 Phone: (202) 551-4406
                                                                 Fax: (202) 772-9304
                                                                 Email: Elliskw@sec.gov
                                                                 Michigan Bar # P65146
                                                                 Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 14, 2018, I caused the foregoing document to be electronically filed with the clerk of the court for the U.S. District Court, Southern District of New York, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Respectfully submitted,

*/s/ Keshia Ellis*
Keshia Ellis
Trial Counsel
Securities and Exchange Commission
100 F Street, N.E., S.P. III
Washington, D.C. 20549-5876
Phone: (202) 551-4406
Fax: (202) 772-9363
Email: Elliskw@sec.gov
Michigan Bar # P65146
Attorney for Plaintiff